submitted to the jury on the principle that the injury to plaintiff was caused by the negligence of defendant. I think there was evidence to show that in operating the car there was "heedlessness or his reckless disregard of the rights of others," causing the injury. The operator ran into a shower—the road was wet. "The car went to the right, then it cut across to the left, then cut across to the right, and went off the highway and turned over." It turned over one and a half times and landed with the wheels in the air, indicating that it was being operated at a high and dangerous rate of speed and in a heedless and reckless manner. At least this was evidence for the jury to consider on the issue of negligence. The car "zig-zagged" first to the right and then to the left and then again to the right—it was skidding on the wet road. The evidence was sufficient to be submitted to the jury as to defendant's negligence and also as to whether plaintiff was a guest under the South Carolina statute, in which state plaintiff was injured.

I think that such an interpretation should be given to evidence of this kind, so that a jury should pass on the facts and not this Court. It is necessary, in the preservation of life and limb, that the drivers of cars should be held to an accountability in their driving under such evidence here disclosed. Last year we had 1,123 killed and 7,990 injured in automobile wrecks in 7,413 accidents in North Carolina. Over 40,000 were killed in the nation in automobile wrecks. In one year more were killed in this nation than were killed in the World War. This wreckage is left for the taxpayers and others to care for. It is a matter of common knowledge that premiums are paid to liability companies for the protection of guests in cars, under well settled law in this State, who are injured when there is negligence on the part of the driver. I think the judgment of nonsuit should be reversed.

---

MILDRED MERRIMON v. POSTAL TELEGRAPH & CABLE COMPANY.

(Filed 22 September, 1937.)

APPEAL by plaintiff from *Pless, J.,* at January Term, 1937, of BUNCOMBE.

Civil action to recover damages from alleged breach of verbal contract for permanent employment.

Defendant denied that contract was made, and, among numerous defenses, pleaded the three-year statute of limitations.

On verdict determining the issue on the plea adversely to plaintiff, judgment was rendered, from which plaintiff appealed to the Supreme Court, and assigned error.

*Don C. Young for plaintiff, appellant.*
*Alfred S. Barnard for defendant, appellee.*

PER CURIAM. The plaintiff, having based her cause upon verbal contract, failed to carry the burden against the plea of the statute of limitations.   In the judgment below, we find
No error.

---

FRED C. GOTT, JR., v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

(Filed 22 September, 1937.)

APPEAL by plaintiff and defendant from *Clement, J.,* at July Term, 1937, of BUNCOMBE.

Civil action to recover on oral contract.

The case has been tried twice.   At the close of plaintiff's evidence, at the first trial, judgment as of nonsuit was entered in the general county court, which was reversed on appeal to the Superior Court.   Defendant appealed to the Supreme Court, and the judgment of the Superior Court was affirmed at Fall Term, 1936, by reason of a two to two division of the Court, as reported in 210 N. C., 832, 187 S. E., 572.

On the second trial, the evidence tends to show that the plaintiff, while working for the defendant in October, 1930, became disabled from disease; that the defendant voluntarily paid the expense of his care and treatment in tubercular sanatoria for more than two years under a plan set up, maintained, and exclusively controlled by the defendant at its own expense, without cost to its employees, for the benefit of its disabled employees; that the plaintiff acquired no rights in the plan; that the defendant retained the discretionary right to allow, to continue, or to discontinue allowances for disability, and that defendant in its discretion discontinued allowances.   The evidence fails to show any contract as alleged.

The record fails to disclose any evidence offered or any finding made by the court that the evidence on this second trial was substantially identical with the evidence on the former trial, and that the merits are identical.